Paul E. CARPENTER, Appellant,

v.

PENNSYLVANIA STATE UNIVERSI-TY; The Apartment Store; Walk's Service Center & Auto Body; Atlas Realty Mgmt. Co., Inc.; State College Police Department; The Centre Daily Times; Centre County Board of Arbitration; Centre County Court of Common Pleas; Pennsylvania Human Relations Commission; The State of Pennsylvania; United States Equal Employment Opportunity Commission; The Shaner Hotel Group; The American Education Services.

No. 06–3600.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B)
Nov. 22, 2006.

Filed: Dec. 5, 2006.

A. Taylor Williams, Supreme Court of Pennsylvania Administrative Office of PA Courts, Philadelphia, PA, Equal Employment Opportunity Commission, Washington, DC, for Centre County Court of Common Pleas and Equal Employment Opportunity Commission.

Before: SLOVITER, CHAGARES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Paul Carpenter, proceeding *pro se* and *in forma pauperis,* appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his complaint. For the following reasons, we conclude his appeal is meritless and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Carpenter filed a complaint in the District Court containing a litany of prolix

allegations detailing his interactions with the thirteen defendants named in his suit. Carpenter also submitted a 197–page appendix. The District Court identified numerous defects in the complaint, including non-compliance with the notice pleading requirements of FED.R.CIV.P. 8, failure to state proper grounds for joinder of multiple defendants under FED.R.CIV.P. 20(a), assertion of claims under federal statutes that do not provide a private right of action, and inclusion of state law claims without asserting a basis for diversity jurisdiction. The District Court dismissed the complaint without prejudice and gave Carpenter twenty days to file an amended complaint. Carpenter instead filed a notice of appeal of the order, along with a memorandum expressing his desire to stand on his original complaint. We therefore have jurisdiction under 28 U.S.C. § 1291. *See Borelli v. City of Reading,* 532 F.2d 950, 951 n. 1 (3d Cir.1976).

We agree with the District Court's assessment of Carpenter's complaint. Carpenter has not provided the defendants with fair notice as to the nature of his federal claims, nor has he set forth sufficient grounds for a federal court to exercise diversity jurisdiction over any state law causes of action that could be discerned from the complaint. We conclude the appeal lacks an arguable basis in law or fact and thus we will dismiss it. *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).